UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-25131-LEIBOWITZ/LETT

**CHANEL, INC.**,

    *Plaintiff*,

v.

**21939346, AN INDIVIDUAL, BUSINESS ENTITY, OR UNINCORPORATED ASSOCIATION**,

    *Defendant*.

_____/

## ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion") [ECF No. 7], filed on January 9, 2025. The Court has carefully considered the Motion, the record, and the applicable law. For the reasons discussed below, the Court grants the Motion.

Plaintiff seeks an order granting alternative service of process on the Defendant in this action, who is foreign. Plaintiff alleges that Defendant has established an Internet-based business and utilizes electronic messaging via DHgate.com's messaging system, as a reliable form of contact. Plaintiff seeks, therefore, to serve Defendant by both an electronic messaging system and website posting. [ECF No. 7 at 1]. Rule 4(h)(2) for the Federal Rules of Civil Procedure (the "Rules") defines the contours of service upon foreign corporations and incorporates the service methods set forth regarding individuals in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a

foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.,* Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted. First, Plaintiff represents that it was unable to locate a physical address for service of process upon the Defendant, located somewhere in China. [Declaration of Stephen M. Gaffigan ("Gaffigan Decl."), ECF No. 7-1 ¶ 8]. Second, the Hague Convention does not specifically preclude service by electronic messaging system and website posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such electronic messaging system or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.,* Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement. Notwithstanding, Plaintiff contends that the Hague Convention does not apply in this case. Plaintiff's counsel reviewed the information contained on Defendant's e-commerce store operating under its Store ID and the investigative date provided thereunder. [*See* Gaffigan Decl. ¶ 8]. However, Plaintiff has not been able to verify a valid physical address for service of process on Defendant or determined Defendant's exact location. [*Id*].

According to Article 1 of the Hague Convention, "[the] convention shall not apply where the address of the person to be served with the document is not known." *See* Hague Convention, Art. 1, 20 U.S.T. 361 (1969).

Third, Defendant has at least one known and valid form of electronic contact, and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendant, the address to which will be provided to Defendant's known individual messaging account. [Gaffigan Decl. ¶ 7]. Therefore, service *via* electronic messaging system and website posting is "reasonably calculated, under all circumstances, to apprise [Defendant] of the pendency of the action and afford [it] an opportunity to present [its] objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on Defendant through electronic messaging and website posting.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion [**ECF No.** 7] is **GRANTED**;

2. Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summons, Complaint, and all other filings and discovery in this matter upon Defendant:

    a. by providing the address to Plaintiff's designated serving notice website to Defendant via (i) DHgate.com's messaging system contact means, or (ii) via the data related to its e-commerce store, including customer service e-mail address and/or onsite contact form, or (iii) the e-commerce marketplace website e-mail for the e-commerce store. *See* Schedule "A" attached to the Motion for Order Authorizing Alternative Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [ECF No.7], which lists Defendant's means of contact; **and**

b. by publicly posting a copy of the Summons, Complaint, and all filings and discovery in this matter on Plaintiff's designated serving notice website appearing at http://servingnotice.com/c6Ube/index.html.

**DONE AND ORDERED** in the Southern District of Florida this 14th day of January, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record